UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEY ENTERPRISES, LLC, a Minnesota limited liability company d/b/a MSP Communications, | Case No. 12-CV-2628 (PJS/JSM) |
| Plaintiff, | ORDER |
| v. | |
| CARSTEN MORGAN, an individual; and INK PUBLISHING CORPORATION, a Delaware corporation, | |
| Defendants. | |

---

William Z. Pentelovitch and Paul B. Civello, MASLON, EDELMAN, BORMAN & BRAND, for plaintiff.

Andrew P. Muller, MULLER & MULLER, PLLC; John A. Klassen, JOHN A. KLASSEN, PA, for defendant Carsten Morgan.

Scott G. Blews and Randy C. Gepp, TAYLOR ENGLISH DUMA LLP; Andrew E. Tanick, FORD & HARRISON LLP, for defendant Ink Publishing Corporation.

This case lies at the intersection of two mistaken but persistent tendencies among some members of the bar. The first tendency is to assume that alleging something "on information and belief" excuses an attorney from the requirements of Fed. R. Civ. P. 11. The second tendency is to fail to recognize that, for purposes of diversity jurisdiction, a limited-liability company ("LLC") takes the citizenship of all of its members and "sub-members" and "sub-sub-members." These tendencies continue to result in the waste of client money and court time. This case is just the latest in an unfortunately long series of examples.

Plaintiff Key Enterprises, LLC ("Key Enterprises") sued defendants Ink Publishing Corporation ("Ink Publishing") and Carsten Morgan in state court.  In its complaint, Key Enterprises alleged that it "is a Minnesota limited liability company with its principal place of business in Minneapolis, Hennepin County, Minnesota."  ECF No. 1-1 at 75.

On October 15, 2012, Ink Publishing removed this lawsuit to federal court (with Morgan's consent).  In its petition for removal, Ink Publishing asserted that diversity jurisdiction existed under 28 U.S.C. § 1332(a)(1) and said the following about the citizenship of the parties:

> 5.     Defendant Ink Publishing Corporation is a Delaware corporation with its principal place of business in Georgia. (Ex. 1, Complaint, ¶ 4.)
>
> 6.     Defendant Carsten Morgan is an individual who is a resident of the state of Pennsylvania. (Ex. 1, Compl., ¶ 3.)
>
> 7.     Plaintiff is a Minnesota Limited Liability Company with its principal place of business in Minnesota. (Ex. 1, Compl., ¶ 1.)  Upon information and belief, none of the LLC members of Plaintiff is a citizen of Georgia or Pennsylvania.

ECF No. 1 ¶¶ 5-7.

To Ink Publishing's credit, it seemed to recognize that what matters for diversity-jurisdiction purposes is the citizenship of each member of Key Enterprises.  In recent years, the Eighth Circuit and the judges of this Court have had to instruct litigants on numerous occasions that, for purposes of the diversity-jurisdiction statute, an LLC is a citizen of every state of which one of its members is a citizen.[1]  Ink Publishing apparently got the message.

---

[1]*See, e.g.*, *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *American Seeds, LLC v. Dalchow*, No. 12-CV-2951, 2012 WL 5931721, at *1-2 (D. Minn

(continued...)

Not to Ink Publishing's credit, however, it pleaded "upon information and belief" that none of the members of Key Enterprises is a citizen of Georgia (of which Ink Publishing is a citizen) or Pennsylvania (of which Morgan is a citizen).  (It is a mystery why Ink Publishing said nothing about Delaware, of which it is also a citizen.)  There is nothing inherently improper about pleading something "upon information and belief."  *See Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004) ("'[I]nformation and belief' pleadings are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant.").  But there is no "information and belief" exception to Rule 11.  Hence, by signing the petition for removal, Ink Publishing's attorneys certified that, to the best of their "knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*," no member of Key Enterprises is a citizen of Georgia or Pennsylvania.  Fed. R. Civ. P. 11(b) (emphasis added).

---

[1](...continued)
Nov. 27, 2012); *Fifth Third Mortg. Co. v. Lamey*, No. 12-CV-2923, 2012 WL 5936055, at *1 (D. Minn. Nov. 27, 2012); *Harris v. Chase Bank USA, N.A.*, No. 12-CV-0669, 2012 WL 1005017, at *2 (D. Minn. Mar. 26, 2012); *Ikechi v. Verizon Wireless*, No. 10-CV-4554, 2011 WL 2118791, at *2 (D. Minn. May 25, 2011); *Jacobs Trading, LLC v. Ningbo Hicon Intern. Indus. Co., Ltd.*, No. 11-CV-0354, 2011 WL 781069, at *1 (D. Minn. Feb. 28, 2011); *Spine Imaging MRI, L.L.C. v. Country Cas. Ins. Co.*, No. 10-CV-0480, 2011 WL 379100, at *4 (D. Minn. Feb. 1, 2011); *Spine Imaging MRI, L.L.C. v. Liberty Mut. Ins. Co.*, 743 F. Supp. 2d 1034, 1043 (D. Minn. 2010); *O.C.T.G., LLP v. Tube Techs., Inc.*, No. 10-CV-0796, 2010 WL 1416976, at *1 (D. Minn. Apr. 8, 2010); *Becwood Tech. Grp. LLC v. Hanover Ins. Grp.*, No. 09-CV-0070, 2009 WL 2972783, at *1 (D. Minn. Sept. 10, 2009); *Willows on France, LLC v. American Family Mut. Ins. Co.*, No. 08-CV-5307, 2009 WL 1386157, at *2 (D. Minn. May 14, 2009); *North Star Grain Intern., LLC v. Hyundai Syscomm Corp.*, No. 09-CV-0617, 2009 WL 1290228, at *1-2 (D. Minn. May 11, 2009); *Acuity Capital Mgmt., LLC v. MGI Pharma, Inc.*, No. 08-CV-5434, 2009 WL 1291479, at *1 (D. Minn. Feb. 12, 2009); *In re Arbitration Between Wells Fargo Bank, N.A. & WMR e-PIN, LLC*, No. 08-CV-5472, 2008 WL 5110204, at *1 (D. Minn. Nov. 26, 2008).

As far as the record before the Court discloses, however, the attorneys for Ink Publishing made no "inquiry" — reasonable or otherwise — to identify each member of Key Enterprises or the citizenship of those members before representing to the Court that none of those members is a citizen of Georgia or Pennsylvania.  Instead, it appears that Ink Publishing's attorneys relied entirely on the fact that Key Enterprises had alleged in its state-court complaint that it is organized under the laws of Minnesota and maintains its principal place of business in Minnesota.[2]  But an attorney who knows only that an LLC is organized under the laws of Minnesota and maintains its principal place of business in Minnesota does not know the *identity* of — much less the *citizenship* of — a single member of that LLC.  Such an LLC could have one member or a hundred members, and its members could be citizens of Georgia, Pennsylvania, or any other state.  Until an attorney acquires some information about the identity and citizenship of an LLC's members, that attorney should not represent to a court — even "upon information and belief" — that the (unidentified) members of the LLC are or are not citizens of a particular state.

After Ink Publishing removed this matter to federal court, Key Enterprises promptly moved to remand — not on the grounds that complete diversity among the parties did not exist,

---

[2]The only justification that Ink Publishing has provided for its allegation is the following:

> On October 15, 2012, Ink filed a Petition for Removal in this Court, removing this action from the District Court for the State of Minnesota, Fourth Judicial Circuit, Hennepin County. [ECF No. 1].  Morgan consented to Ink's Petition for Removal, the basis of which was that (a) MSP is, as stated on its pleadings, a "Minnesota Limited Liability Company;" (b) Ink is a Georgia resident and Morgan is a Pennsylvania resident; and (c) Ink's best information and belief indicated that none of the owners of MSP were citizens of either Georgia or Pennsylvania.

ECF No. 60 at 2.

but rather on the grounds that the amount in controversy did not exceed $75,000.  ECF No. 11.

Indeed, Key Enterprises affirmatively represented to the Court that "[t]he parties to this dispute

satisfy the diversity-of-citizenship requirement."  ECF No. 13 at 2.  At the time that it made this

representation, Key Enterprises knew that Ink Publishing is a citizen of Delaware and Georgia

and that Morgan is a citizen of Pennsylvania.  Thus, by signing the memorandum in which this

representation was made, Key Enterprises's attorneys certified that, to the best of their

"knowledge, information, and belief, *formed after an inquiry reasonable under the*

*circumstances*," no member of Key Enterprises is a citizen of Delaware, Georgia, or

Pennsylvania.  Fed. R. Civ. P. 11(b) (emphasis added).

Shortly after Key Enterprises moved to remand, Morgan filed a motion to dissolve a TRO

that had been entered by the state court before the case was removed.  ECF No. 20.  Morgan

sought expedited consideration of his motion.  The parties then briefed the motions on an

abbreviated schedule.  Three briefs were filed in connection with Key Enterprises's motion to

remand, and four briefs were filed in connection with Morgan's motion to dissolve the TRO.  On

December 10, 2012, the Court conducted a nearly hour-long hearing on the two motions, and

then took the motions under advisement.

The Court devoted a considerable amount of time to preparing for oral argument and then

drafting an order regarding the two pending motions.  In their briefs, the parties agreed that there

was complete diversity of citizenship, and thus the Court did not inquire into the matter at the

hearing.  But when the Court reviewed the record to verify that it had diversity jurisdiction, the

Court could not find any evidence (as opposed to argument) about the identity or citizenship of

the members of Key Enterprises.  The Court therefore entered an order on January 10, 2013

requiring the parties to "submit evidence identifying each of Key Enterprises's members, and identifying the citizenship of those members . . . ."  ECF No. 55 at 1.

The following day, Key Enterprises filed a response notifying the Court for the first time that one of the members of Key Enterprises was, like Morgan, a citizen of Pennsylvania, and thus the Court did not, in fact, have jurisdiction over this matter.  ECF No. 56.  According to Key Enterprises,

> [a]fter Defendant Ink Publishing Corporation filed its Petition for Removal with this Court, counsel for Plaintiff inquired of its client whether any members of Key Enterprises, LLC were citizens of the same states as any of the Defendants.  Counsel was advised simply that all members of Key Enterprises, LLC were Minnesota residents.

ECF No. 56 at 1.  But, Key Enterprises said, "[u]pon receipt of the Court's January 10, 2013 Order and review of the case cited therein, counsel made further inquiry of its client as to the identity of the members of Key Enterprises, LLC."  *Id.*  In other words, not until almost three months after representing to this Court that no member of Key Enterprises was a citizen of Delaware, Georgia, or Pennsylvania did counsel for Key Enterprises make an effort to specifically identify each member and his or her citizenship.

The submission of Key Enterprises is somewhat opaque, but, reading between the lines, it appears that Key Enterprises or its attorneys (or both) initially assumed that, because Key Enterprises has only two members, and both members are Minnesota limited partnerships, Key Enterprises is a citizen of only Minnesota.  But as the authority cited in the Court's January 10 order made clear to Key Enterprises, "'because a member of a limited liability company may itself have multiple members — and thus may itself have multiple citizenships — the federal court needs to know the citizenship of each 'sub-member' as well.'"  *American Seeds, LLC v.*

*Dalchow*, No. 12-CV-2951, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (per curiam)).  It seems that only after receiving the Court's January 10 order and reviewing the authority cited in that order did Key Enterprises's attorneys drill down through the layers of ownership.

Here, then, is where matters stand:  As all parties now agree, the Court does not have jurisdiction over this lawsuit, and thus this lawsuit must be remanded to state court.  Defendants, however, are sputtering mad, and ask that the Court order Key Enterprises to pay the attorney's fees incurred by defendants in removing this case and resisting remand.  This is a rather bold request, given that it was *defendants*, not Key Enterprises, who removed this case to federal court in the first place and who represented to this Court — apparently without knowing the identity of any (much less all) of the members of Key Enterprises — that no member of Key Enterprises was a citizen of Pennsylvania.

The Court and the parties had a right to expect better from *all* of the attorneys in this matter.  Because no attorney asked Key Enterprises for the name and citizenship of each of its members until the Court did so on January 10, the attorneys wasted a considerable amount of the money of their clients and the time of this Court.  Under the circumstances, the Court will not award sanctions to any party.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     The motion of plaintiff Key Enterprises, LLC to remand this case to state court [ECF No. 11] is GRANTED.

2.      The motion of defendant Carsten Morgan for dissolution of the state-court TRO

[ECF No. 20] is DENIED.

3.      The motion of Key Enterprises for a preliminary injunction [ECF No. 46] is

DENIED.

4.      The hearing scheduled for Monday, February 4, 2013 at 8:30 a.m. is CANCELED.


Dated: January 29, 2013                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge